```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GERALD JABBAR MOBLEY,

                    Plaintiff,
                                          ORDER
         -against-                        14-CV-5188(JS)(GRB)

NASSAU COUNTY POLICE, NASSAU
COUNTY, P.O. WILLIAM BOURGUIGNON,
P.O. HECTOR BOURREN, P.O. JASON
COLLINS, DET. STEPHEN FIRESTONE,
DET. SILVIA MARQUEZ, P.O. LEONARD
MATHEWSON, P.O ROBERT PHONEUF,
and SGT. RICHARD SOTO,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Gerald Jabbar Mobley, pro se
                    14003375
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On August 29, 2014, incarcerated pro se plaintiff Gerald Jabbar Mobley ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Police [Department][1], Nassau County, P.O. William

---

[1] "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."  Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm [ ] of the County of Nassau, and thus lacks the capacity to sue or be sued as a separate entity") (citations and internal quotation marks omitted).  Thus, Plaintiff's claim against the Nassau County Police Department is not plausible because it has no legal identity separate and apart from Nassau County.  Accordingly, Plaintiff's claim against this Defendant is DISMISSED WITH PREJUDICE.

Bourguignon, P.O. Hector Bourren, P.O. Jason Collins, Det. Stephen Firestone, Det. Silvia Marquez, P.O. Leonard Mathewson, P.O Robert Phoneuf, and Sgt. Richard Soto (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

Plaintiff's claim against the Nassau County Police Department is not plausible and is DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to forward copies of the Summonses, Complaint, and this Order to the United States Marshal Service for service upon the Defendants without prepayment of fees, and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure by mailing a copy of this Order to the pro se Plaintiff at his last known address. See FED. R. CIV. P. 5(b)(2)(C).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __23__, 2014
      Central Islip, New York